IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANA D. JOHNSON, | § | |
| | § | |
| v | § | CIVIL ACTION NO. _____ |
| | § | |
| CERES GULF, INC. | § | **JURY REQUESTED** |

PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Ana D. Johnson, ("Plaintiff") brings this action against Ceres Gulf, Inc. ("Defendant") for the following reasons:

PARTIES

1. Plaintiff, Ana D. Johnson, is a resident of Houston, Harris County, Texas.

2. Defendant, Ceres Gulf, Inc. is a business duly organized and existing under the laws of the State of Texas, with its principal place of business located at 6021 Fairmont Parkway, Pasadena, Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC Lawyers Incorporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under Title VII of the Civil Rights Act of 1964 ("Title VII") .

4. Venue is proper in the Southern District of Texas under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice giving rise to the claims asserted herein occurred within this district. All conditions precedent necessary to bringing this action have occurred and/or have been performed.

5. Plaintiff timely filed a charge of discrimination against Defendant with the Equal

Employment Opportunity Commission ("EEOC"). Plaintiff files this Complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit "A".

## DISCRIMINATION UNDER TITLE VII

6. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a female.

7. Defendant is an employer within the meaning of Title VII.

8. Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII by giving males preferential treatment and not calling or giving her the same number of hours as the males to work the position of Clerk-in-Charge for Defendant. Specifically, male clerks were assigned to work approximately 4 times more hours than Plaintiff, who is female. Such disparate work assignments were made notwithstanding that Plaintiff had higher seniority and by work rules in place Plaintiff should have had the first opportunity for work assignments. Male clerks were trained and Plaintiff was not. The disparity in hours caused Plaintiff to lose other opportunities, seniority status comparable to males and loss of pay and benefits.

## RETALIATION

9. After Plaintiff reported sex discrimination to her superiors, Defendant retaliated against her by continuing to deny her assignments to work for Defendant.

10. Relying on the foregoing allegations, and such proof as may be discovered in this case and adduced at trial, Plaintiff believes that Defendant retaliated against her in violation of Title VII.

11. As a direct and proximate consequence of Defendant's actions, Plaintiff suffered the following injuries and damages:

a.     Plaintiff was denied work for Defendant, resulting in lost pay and benefits.

b.     In addition, although Plaintiff has diligently sought other employment, she has been unable to find a job. Thus, Plaintiff has incurred expenses in seeking other employment.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff requests, after presentation of evidence, a jury enter a judgment in favor of Plaintiff and against Defendant for actual damages, as permitted by law and within the jurisdictional limits of the Court; costs of this action; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF REGINALD E. MCKAMIE, SR., P.C.

*/s/ Reginald E. McKamie*

Reginald E. McKamie, Sr.
SDTX FID#: 8303
1210 Antoine Drive, Suite 100
Houston, Texas 77055
Telephone: (713) 465-2889
Facsimile: (713) 465-2894
ATTORNEY FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# EXHIBIT "A"