UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANA D. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1851 |
| | § | |
| CERES GULF, INC., | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 14). Having considered the motion, the facts in the record, and the applicable law, the Court concludes the motion should be granted.

**I.      Background**

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Plaintiff Ana D. Johnson is a union member who works out of a hiring hall operated by International Longshoremen's Association Local No. 1351 ("ILA 1351"). Doc. 14-1 at 1. Stevedore employers hired Johnson pursuant to a multiemployer Collective Bargaining Agreement ("CBA") between the West Gulf Maritime Association ("WGMA"), on behalf of the stevedores, and the South Atlantic and Gulf Coast District of the International Longshoremen's Association, on behalf of its affiliated locals. Defendant Ceres Gulf, Inc. ("Ceres") is a stevedore and a member of the WGMA.

A stevedoring company, such as Ceres, has certain positions that may be filled by dedicated workers selected by the ILA local. Dedicated workers are selected based on seniority to work for one company on a more consistent, but not necessarily regular, basis. Johnson, who was in the third highest level of seniority in the ILA 1351, applied for a dedicated clerk position

with Ceres and was awarded the position along with three other people. Doc. 14-4. All four workers were assessed as clerks in a two-day evaluation process. Upon conclusion of this evaluation process, it was determined that Johnson did not have the necessary skills to work as a clerk. Therefore, Johnson was not hired a clerk and was instead hired on a rotating basis as a checker.

Johnson claims Ceres limited her employment on the basis of gender after she was made a dedicated worker and retaliated against her because she made a discrimination claim. The CBA includes a Memorandum of Understanding ("MOU") that states all claims, including discrimination claims, are subject to a grievance and arbitration procedure. Doc. 14-2 at 2–4. On June 10, 2010, Johnson's claim was heard by a grievance committee. The grievance committee found there was no evidence of illegal discrimination. Doc. 14-1 at 49–50. On September 27, 2010, a step two appeals committee heard an appeal and affirmed the step one decision by the grievance committee. Doc. 14-1 at 51. Johnson did not proceed to the third step and make a request for arbitration. Doc. 14-1. On July 6, 2011, Johnson and another male employee, Arthur Harrison, were released as dedicated workers because they declined numerous job opportunities. They remained eligible to work for Ceres as checkers. Doc. 14-4. On June 25, 2013, Johnson filed this suit. Johnson has not filed a response to the pending motion for summary judgment.

## II.   Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Initially the moving party bears the burden of identifying

evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; it does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant then can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *Anderson*, 477 U.S. at 248-49.

**III.   Discussion**

The CBA prescribes a three-step mandatory arbitration process: step one is the grievance committee hearing, step two is the appeals committee hearing, and step three is binding arbitration. It is undisputed that Johnson did not complete the arbitration procedure pursuant to the CBA and that she has not exhausted her administrative remedies. *See Ibarra v. United Parcel Serv.*, 695 F.3d 354, 356 (5th Cir. 2012) ("The grievance process established in the CBA forms the exclusive remedy for [Plaintiff's] Title VII claim only if the CBA clearly and unmistakably waives [Plaintiff's] right to pursue her Title VII claim in a judicial forum."). Johnson has also not submitted any evidence showing that she was qualified for the clerk position despite failing the two-day assessment and that she was denied employment on the basis of gender. *See Fullen v. Gal. Indep. Sch. Dist.*, 564 F. Supp. 2d 719, 730 (S.D. Tex. 2008) (rejecting prima facie case of discrimination against employer where employer showed employee lacked qualifications).

As for Johnson's claim of retaliation, she fails to show a causal link between Ceres's "continuing to deny her assignments to work" and her sex discrimination complaint. Doc. 1 at 2. It is undisputed that Johnson was not qualified for the clerk position based on the evaluation process and that her lack of qualifications was the reason she was denied work assignments as a

clerk. *See Fullen*, 564 F. Supp. 2d at 734 (plaintiff's retaliation claim failed because he did not show employer's articulated reason, plaintiff's lack of qualifications, was pretext). Johnson was subsequently removed as a dedicated worker pursuant to the CBA, because she did not make herself available as a checker.

**IV. Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Doc. 14) is **GRANTED**.

SIGNED at Houston, Texas, this 31st day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE